BELL v. TROSPER, Adm'x.

No. 31454. June 6, 1944.

*149 P. 2d 508.*

Kathryn Van Leuven, of Oklahoma City, for plaintiff in error.

Sam S. Gill and Robert Burns, both of Oklahoma City, for defendant in error.

RILEY, J. This is an appeal from an order entered in the district court of Oklahoma county in a cause theretofore tried in said court wherein plaintiff in error herein was plaintiff and Lillie May Trosper, administratrix of the estate of Clarence E. Trosper, deceased, was defendant, and Sam S. Gill, defendant in error herein, was attorney for plaintiff. The order appealed from is one denying a motion of the plaintiff to vacate and set aside an order entered in that cause on January 19, 1942, directing the court clerk to pay to Sam S. Gill, attorney for plaintiff in said cause, 50 per cent of

the money theretofore paid into the hands of, the court clerk on account of judgment, in the sum of $1,400 and interest, theretofore entered in favor of plaintiff in said cause, under and by virtue of a contingent attorney fee contract existing and entered into by plaintiff and Sam S. Gill. The order sought to be set aside is as follows:

"Now on this 19th day of January, 1942, attorney for plaintiff having exhibited to the court his contingent contract of employment in the above case, and the court having directed that same be filed herein, and that it be and hereby is approved,

"Now, therefore, the court clerk is directed to pay Sam S. Gill 50% of the judgment in the above case, being the sum of $700.00 and interest in satisfaction and release of his attorney fee lien herein.

"(Signed) Geo. H. Giddings
"District Judge."

The written contingent fee contract executed November 21, 1939, upon which the order was based, reads in part:

". . . Party of the first part has and does employ party of the second part to represent him and to collect by suit if necessary, and to prosecute through whatever courts necessary, her claim against: Clarence Trosper and any and all other liable therefor for money due for oil, gas and mineral rights and lease, rentals, accruals, royalties due first party in order from and on Lot One (1) Block Twenty (20) Park Place Add. to Oklahoma City, Okla. . . ."

On June 22, 1942, pursuant to the order of court, the court clerk paid Sam. S. Gill the sum of $704.66.

Plaintiff's motion alleges that said contract furnished no basis in law or in equity for the allowance of said attorney's fee, and

". . . That in truth and in fact the attorney herein was employed to recover the home of plaintiff same being legally described as Lot One (1) Block Twenty (20) Park Place Add. to Oklahoma City, Oklahoma, and at no time did plaintiff agree to or consider the condition of as-signing to said attorney any part of the said real property. That in addition to the recovery of the said real property said attorney was employed and undertook to recover for plaintiff herein the sum of Four Hundred Dollars in cash the proceeds of an oil and gas lease plus all accruals thereon which defendant had collected and had withheld from plaintiff. That said oil and gas lease covered the real property the home of said plaintiff and that the contract entered into between plaintiff and her attorney deals only with the recovery on the oil lease and nothing else and plainly so states in said contract made a part hereof and filed in this court by order of the court on January 22, 1942.

"That instead of recovering her home as directed by plaintiff herein and as agreed to by attorney and in addition thereto recovering the price and accruals on said oil lease, the attorney herein wrongfully filed suit for the money value of said home and recovered the sum of $1,400, a sum much less than the value of her home and recovered no part of the lease money or accruals thereunder. That plaintiff has refused to accept said $1,400 in lieu of her home but that if she did accept same, all expense of suit would have to be paid first and under no construction of said contract would said attorney be entitled to more than half of said gross recovery . . ."

On the 7th day of January, 1943, upon consideration of the contract, pleadings and proceedings, the motion was denied. Plaintiff appeals.

The principal claim in plaintiff's motion to vacate the order allowing and directing payment of the attorney's fee is that the written contract of employment between plaintiff and her attorney, Sam S. Gill, did not represent the true contract in that plaintiff really employed said attorney to represent her in an effort to recover the property involved, as well as the money collected by defendant for an oil and gas lease on the premises and rents and royalties received under said oil and gas lease.

From the record it appears that the unverified motion was submitted to the

court without any evidence having been offered in support of the motion to vary terms of the written instrument, even if that were possible, as in cases of ambiguous contracts or those that may be vitiated for fraud.

Plaintiff in her brief states:

"As we see it the only matter before this court at this time in this appeal is whether or not the order of Judge Sam Hooker of the District Court of Oklahoma County, Oklahoma, denying motion to vacate an order entered by Judge Giddings is error."

The contract of employment is in plain and unambiguous language and sets forth what Mr. Gill was employed to recover.

Plaintiff in error apparently submitted the motion to vacate to the court without a request or offer to present evidence that it was her intention to employ or that she understood that she was employing Mr. Gill to recover the property in addition to the money she claimed due her from Clarence Trosper.

None of the allegations in the motion to vacate are such as are required by the provisions of 12 O. S. 1941 § 286 to be taken as true unless denied under oath.

Without evidence tending to establish an agreement by Mr. Gill to do something aside from or in addition to what was embodied in the contract, there was nothing for the trial court to do but deny the motion.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, HURST, and ARNOLD, JJ., concur.